# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA REGIONAL AUTHORITY DBA METROLINK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CONNEX RAILROAD, LLC,<br><br>　　　　　Defendant. | CV 08-6987-GW (JCx)<br><br>**I. ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION;**<br><br>**II. ORDER DECLINING TO CONSENT TO THE TRANSFER OF THE <u>MAGDALENO</u> CASE PURSUANT TO GENERAL ORDER 08-50** |

**I.** On October 22, 2008, Plaintiff Southern California Regional Rail Authority dba Metrolink ("SCRRA") filed this action containing a single cause of action for declaratory relief against Defendant Connex Railroad, LLC ("Connex"). The sole basis for federal jurisdiction referenced in the Complaint (at paragraph 4) is 28 U.S.C. § 1332, purportedly because SCRRA is a California joint powers authority and Connex is a Delaware limited liability company. However, as held in <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006), for purposes of diversity jurisdiction, limited liability companies are treated like partnerships rather than corporations. Hence, the citizenship of each of its members must be considered in determining if there is, in fact, diversity. <u>Id.</u>; <u>see also</u> <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 195-96 (1990). Therefore, because the Complaint fails to list the citizenship of each of the members of the defendant limited liability company, the Complaint at this point fails to establish a basis for federal jurisdiction. In light of the above, this Court sets an Order to Show Cause why this matter should not be dismissed for lack of subject matter jurisdiction on November 24, 2008 at 8:30

a.m. If an amended complaint is filed which remedies the above cited deficiency and a courtesy copy provided to the Court by November 20, 2008, the Order to Show Cause will be taken off-calendar.

II.   This Court has received a request to transfer <u>Magdaleno v. Southern California Regional Rail Authority</u>, Case No. CV 08-7019, from Judge Otero's docket to this Court because it is sufficiently related to SCRRA's declaratory relief action. In the present lawsuit, it is alleged that SCRRA and Connex entered into a contract wherein Connex agreed to provide operator services for SCRRA's train. <u>See</u> Complaint at ¶ 7. It is also alleged that the contract contains provisions regarding Connex's agreement to provide defense and indemnification to SCRRA for liabilities arising from or related to Connex's negligent acts, errors or omissions in the performance of the services covered by the contract. <u>Id.</u> at ¶ 8.

On September 12, 2008, an SCRRA train operated by a Connex employee collided with a Union Pacific train in Chatsworth, California. <u>Id.</u> at ¶ 9. Twenty-five people were killed and scores were injured. <u>Id.</u> at ¶ 10. SCRRA claims that a dispute has arisen between itself and Connex as to the rights and obligations under the contact in regards to lawsuits which will be filed as a result of the accident. <u>Id.</u> at ¶¶ 15-17.

The <u>Magdaleno</u> lawsuit was originally brought in state court by two of the surviving heirs of Aida Magdaleno (one of the passengers killed in the September 12th accident) against SCRRA seeking damages under negligence and negligent hiring/retention theories. The SCRRA removed that action to federal court asserting federal question jurisdiction under 28 U.S.C. § 1331 and the Amtrak Reform and Accountability Act of 1997, 49 U.S.C. § 28103(a)(2).

In seeking a transfer of the <u>Magdaleno</u> case from Judge Otero to this Court, counsel has asserted that both that action and this declaratory relief lawsuit: 1) "arise from the same or closely related transactions, happenings or events;" 2) "call for

determination of the same or substantially related or similar questions of law or fact;" and/or 3) "for other reasons would entail substantial duplication of labor if heard by different judges." This Court respectfully disagrees.

First, the present declaratory relief lawsuit merely involves an issue of contract law which can be resolved relatively quickly and without substantial discovery. In comparison, the <u>Magdaleno</u> case will require litigation of both tort liability issues and damages that will necessitate extensive discovery totally outside of the simple contract issue in this action. Moreover, it would also seem that other negligence lawsuits arising from the September 12 accident could be brought in and/or removed to federal court which could, in turn, justify transferring all of those cases to a single court since those cases will raise identical and/or very similar issues in regards to negligence and liability. Thus, it is not readily apparent that this lawsuit and the <u>Magdaleno</u> matter arise from the same or closely related transactions, happenings or events.

Second, as noted above, it is unclear that "same or substantially related or similar questions of law and fact" are involved in the <u>Magdaleno</u> case and this action. Likewise, there would not appear to be any substantial duplication of labor if the two cases (one of which arises under contract and the other arising from a purported tort) are heard by different judges.

Therefore, pursuant to Section 5.2 of General Order 08-05 of the United States District Court for the Central District of California, this Court declines to consent to the transfer of the <u>Magdaleno</u> case to its docket as being sufficiently related to the present action.

DATED: This 29th day of October, 2008

GEORGE H. WU<br>
United States District Judge